# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SAMMY BURRIS WEAVER,

    Plaintiff,

v.

MASON COUNTY MANAGEMENT,

    Defendant.

CASE NO. C21-05340-RSM

**ORDER OF DISMISSAL**

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #6. No objections to the R & R were filed. For the reasons set forth below, this Court ADOPTS the Report and Recommendation and DISMISSES this case.

**I.    BACKGROUND**

On May 7, 2021, Plaintiff, proceeding pro se, filed this 42 U.S.C. § 1983 civil rights action against Defendant Mason County Management. Dkt. #1. Plaintiff is a prisoner at the Coyote Ridge Corrections Center. Plaintiff's complaint seeks money damages based on alleged actions related to his arrest, prosecution and sentencing in various criminal cases. *See* Dkt. #5 at 4-8. Specifically, Count I alleges harassment by Mason County Sheriffs in responding to a disturbance

ORDER OF DISMISSAL - 1

call that led to Plaintiff's arrest and sentencing. *Id.* at 4-5. Count II alleges discrimination by Mason County that led to Plaintiff's incarceration. *Id.* at 6-7. Finally, Count III alleges bias by a police officer that resulted in a driving offense being listed on Plaintiff's record. *Id.* at 7-8.

On May 12, 2021, Judge Tsuchida issued an R & R recommending dismissal of this action on the basis that Plaintiff's complaint is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added). The R & R concluded that Plaintiff's request for money damages "necessarily challenges the arrest, prosecution and sentence imposed in his various criminal cases and there is nothing showing the criminal matters challenged have been vacated or overturned." Dkt. #6 at 2.

## II. DISCUSSION

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Here, Plaintiff has failed to file Objections. Instead, Plaintiff moves to stay the case for 90 days while awaiting "public disclosure information records" and "Court of Appeals determinations." Dkt. #7 at 1.

| | |
|---|---|
| 1 | The Court agrees with the findings and conclusion of the R & R that Plaintiff's claims are barred under *Heck* and must therefore be dismissed. Because Plaintiff's claims are barred by *Heck*, the Court finds no good cause to granted Plaintiff's requested stay. |
| | Accordingly, having considered the Report and Recommendation and the remainder of the record, the Court finds and ORDERS: |

(1) Plaintiff's Motion to Stay, Dkt. #7, is DENIED.

(2) The Court ADOPTS the Report and Recommendation, Dkt. #6.

(3) The case is dismissed without prejudice.

(4) The Clerk is directed to send copies of this Order to the Plaintiff and to Judge Tsuchida.

DATED this 24th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE